IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAXWELL H. SCHRAMM and ALEXANDRIA ZIEGLER SCHRAMM, <br><br> Plaintiffs, <br><br> v. <br><br> THE PEREGRINE TRANSPORTATION COMPANY, LLC, and PAMELA KIDD, <br><br> Defendants. | Case No. 3:22-CV-161-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Dismiss or Alternative Motion to Strike filed by Defendants The Peregrine Transportation Company, LLC ("Peregrine") and Pamela Kidd ("Kidd") (Doc. 39), and the Motion to Dismiss Counterclaims, or Alternatively, to Strike Affirmative Defenses filed by Plaintiffs Maxwell H. Schramm and Alexandria Zeigler Schramm (Doc. 48). For the reasons set forth below, Defendants' motion is granted in part and denied in part. Plaintiffs' motion is denied.

### BACKGROUND

The following facts are reflected in Plaintiffs' Amended Complaint (Doc. 38), and the Court accepts them as true when considering the motions to dismiss.

On July 5, 2021, Maxwell Schramm was traveling westbound on I-64 in St. Clair County, Illinois. (Doc. 38 at p. 1). At the same time, Kidd, an employee of Peregrine, was operating a tractor trailer and was parked along the right shoulder of westbound I-64. (*Id.* at pp. 1-2). Although she had just passed an exit, Kidd had pulled onto the shoulder of the

highway so that she could urinate in a bucket. (*Id.* at p. 7). Kidd then attempted to pull her tractor trailer back onto I-64 without yielding to oncoming traffic. (*Id.*). The tractor trailer collided with Schramm's vehicle, causing Schramm injuries and rendering him unconscious. (*Id.*). Schramm was airlifted from the accident scene. (*Id.*).

According to the crash report, Kidd told the investigating police officer that the crash was Schramm's fault and that she was traveling about 55 mph at the time of the accident. (*Id.* at p. 6). She stated that Schramm failed to slow down, then struck her tractor trailer from the rear. (*Id.*). As a result, Schramm was charged with a crime, while Kidd was not. (*Id.*). Peregrine knew the details provided by Kidd to the officer were incorrect, as they were contradicted by the dashcam footage of the crash. (*Id.*). Despite this knowledge, and despite possession of the video footage that would likely exonerate Schramm from the criminal charges resulting from Kidd's statement to police, Peregrine did nothing to inform the police or the prosecutor that the charges against Schramm should be dropped. (*Id.*). Schramm alleges Peregrine was willing to allow him to be prosecuted and convicted rather than risk a citation to its driver, a fine to its company or driver, and damage to its driving record. (*Id.*).

On December 28, 2021, Plaintiffs filed a complaint against Peregrine and Kidd in the Circuit Court of St. Clair County, Illinois, seeking damages for their personal injuries. (Doc. 2-1). Defendants timely removed the matter to federal court on the basis of diversity jurisdiction.[1] (Doc. 2). Plaintiffs subsequently filed an Amended Complaint, which contains four counts. (Doc. 38).

---

[1] Jurisdiction is proper in this Court under 28 U.S.C. § 1332, as Plaintiffs are citizens of Illinois, Defendants are citizens of Kentucky, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Doc. 21).

In Count I, Schramm alleges Defendants committed a number of negligent acts or omissions, including that Kidd: failed to keep a proper lookout; failed to yield the right of way to Schramm's vehicle when entering the highway; drove her vehicle in a reckless manner; changed lanes without determining if it could be done safely; failed to sound an audible horn warning; failed to properly use turn signals; illegally parked her tractor trailer along the side of the highway in a non-emergency situation; drove a motor vehicle at such slow speed as to impede or block the normal and reasonable movement of traffic; failed to operate her vehicle within a single lane, and supplied false information to police officers investigating the crash. (*Id.* at pp. 2-3). As a result of Defendants' negligent acts and omission, Schramm claims he sustained damage to his automobile and suffered significant injuries. (*Id.* at p. 3). Further, Schramm alleges he has suffered mental anguish from his injuries and Defendants' refusal to admit fault. (*Id.*). Schramm claims he was erroneously charged with a crime that caused him stress and required him to incur attorneys' fees to have the charge dismissed after the true facts were presented to the prosecutor. (*Id.*).

In Count II, Schramm alleges Peregrine owed a duty to Plaintiffs to properly and safely train, select, monitor, and supervise its drivers so that they would operate Peregrine's fleet vehicles in a reasonably safe fashion. (*Id.* at pp. 3-4). Specifically, Plaintiffs allege Peregrine failed to properly screen Kidd prior to hiring her, failed to properly train her, and failed to properly monitor/supervise her. (*Id.* at p. 4).

In Count III, Alexandria Schramm, Maxwell Schramm's wife, asserts a claim for loss of consortium. (*Id.* at pp. 4-5).

In Count IV, Schramm asserts a claim for punitive damages. Schramm claims Peregrine's actions and inactions were willful, wanton, and outrageous in that it allowed its

drivers to maneuver multi-ton tractor trailers onto public highways directly into the path of other drivers with the expectation that other drivers will move over to avoid a collision. (*Id.* at p. 5). Schramm alleges that Peregrine's own safety director testified that the decision to force vehicles with the right of way to move over or risk a crash "is shocking and beyond the bounds of human decency." (*Id.*). Schramm asserts that this practice and policy is in direct violation of Illinois law, and that Peregrine's desire to get its loads delivered, improve its on-time delivery ratings, increase profits, reduce payroll by hiring incompetent and/or unsafe drivers and safety directors, and otherwise reduce costs and increase profits while endangering the public is unconscionable. (*Id.*). Furthermore, Peregrine's failure to reprimand Kidd, even after she stated that she drives this way on a regular basis, warrants the imposition of punitive damages. (*Id.* at p. 6).

In response to the Amended Complaint, Peregrine and Kidd filed a motion to dismiss or strike portions of the pleading. (Doc. 40). They also filed separate answers, both of which contain affirmative defenses and a counterclaim for contribution. (Docs. 41, 42). Plaintiffs move to either dismiss or strike Defendants' counterclaim for contribution and their affirmative defense of comparative negligence, asserting the counterclaim and affirmative defense are redundant.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (internal citations omitted).

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) (quotation omitted). Further, a motion to strike is not a tool for deciding disputed issues of law or fact, especially where no discovery has been taken and the legal basis for the motion to strike depends on facts yet to be uncovered. *See id.*

DISCUSSION

I. **Defendants' Motion to Dismiss or Alternative Motion to Strike**

   A. **Supplying False Information to Police Officers**

Defendants first move to dismiss Plaintiffs' claim in Count I that Kidd violated 720 ILCS 5/26-1(a)(4) when she supplied false information to police officers investigating the crash. They argue this claim should be dismissed because Schramm's citation was for a violation of 625 ILCS 5/11-601(a), driving at a speed which is greater than is reasonable and

proper, which discovery has proved to be true. Assuming Plaintiffs are referring to Kidd's statement to police that she was traveling 55 mph at the time of the collision, Defendants argue, that statement is unrelated to the charge against Schramm for traveling at an excessive speed. Because Kidd provided no false information related to the charge against Schramm, Defendants contend, the claim should be dismissed.

In response, Plaintiffs, in sum, argue the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. The Court agrees. Whether Schramm was actually speeding at the time of the accident is irrelevant to whether Kidd told police officers false information that resulted in Schramm being charged. Plaintiffs have alleged that Defendants owed a duty to Schramm, Defendants were negligent in that, among many other things, Kidd supplied false information to police officers investigating the incident, Peregrine knew that Kidd lied but took no action to inform police of the truth, and, as a direct result of Defendants' actions, Schramm was injured. One of those alleged injuries was being erroneously charged with a crime that caused Schramm mental anguish and attorneys' fees. The Court must assume these allegations to be true on a motion to dismiss. Doing so, the Court finds Plaintiffs have adequately stated a claim for negligence. *See Enadeghe v. Dahms*, 95 N.E.3d 1170, 1175 (Ill. App. Ct. 2017) ("The elements of negligence include a duty, breach, proximate causation, and damages.").

### B. Negligent Screening, Training, and Monitoring/Supervising

Defendants next argue Plaintiffs have failed to plead facts supporting their claims in Count II that Peregrine failed to properly screen Kidd prior to hiring her, failed to properly train Kidd, and/or failed to properly monitor/supervise Kidd. Rather, they argue, Plaintiffs present only conclusory allegations, which amount to nothing more than "unadorned, the-

defendant-unlawfully-harmed-me" accusations. *See Iqbal*, 556 U.S. at 678.

Under Illinois law, to state a claim for negligent hiring, a plaintiff must plead facts showing "(1) the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Doe v. Coe*, 135 N.E.3d 1, 13 (Ill. 2019) (quoting *Van Horne v. Muller*, 705 N.E.2d 898, 904 (Ill. 1998)). "To prove a negligent hiring claim, a plaintiff must show not just that an employee was unfit but that the employee was unfit in a particular manner, which particular unfitness 'must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position.'" *Id.* at 14 (quoting *Van Horne*, 705 N.E.2d at 906).

Here, Plaintiffs have failed to state a claim for negligent hiring. Plaintiffs allege that Peregrine failed to screen Kidd prior to hiring her and that Peregrine hired incompetent and/or unsafe drivers to reduce its payroll. But Plaintiffs have asserted no facts indicating Peregrine knew or should have known that Kidd specifically was unfit for her position as a tractor-trailer driver or that any particular unfitness would have rendered Schramm's injury foreseeable to a person of ordinary prudence in the employer's position. While Plaintiffs point to their allegations that Peregrine owed a duty to the plaintiff and others similarly situated to properly and safely train, select, monitor, and supervise its drivers so that they would operate Peregrine's fleet vehicles in a reasonably safe fashion, these conclusory allegations are insufficient to state a claim for negligent hiring. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (while a court accepts well-pleaded facts in the complaint as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim

are not entitled to this presumption of truth"). Plaintiffs' negligent hiring claim shall be dismissed.

With regard to negligent training and monitoring/supervision, however, the Court finds that Plaintiffs have adequately stated those claims. Illinois courts have held that claims for negligent training and supervision are "best analyzed under principles generally applicable to negligence cases." *Nat'l R.R. Passenger Corp. v. Terracon Consultants, Inc.*, 13 N.E.3d 834, 839 (Ill. App. Ct. 2014). Thus, to state a claim for negligent training, a plaintiff must allege the existence of a duty on the part of the employer to the injured party, a breach of that duty, and an injury proximately caused by the breach. *Id.* at 840. Similarly, to state a claim for failure for negligent supervision, a plaintiff must allege the defendant had a duty to supervise the individual, the defendant negligently supervised the individual, and such negligence proximately caused the plaintiff's injuries. *Doe v. Coe*, 135 N.E.3d 1, 15 (Ill. 2019).

Here, Plaintiffs have alleged that Kidd was operating as an employee of Peregrine within the scope of her employment, and Peregrine had a duty to properly train and monitor/supervise its drivers so they would operate Peregrine's vehicles in a reasonably safe fashion. Nevertheless, Kidd illegally parked the tractor trailer on the side of the highway so that she could urinate in a bucket and then pulled the tractor trailer out into oncoming traffic without yielding or ensuring it was safe to do so. Kidd stated that she does this on a regular or daily basis. Further, Peregrine failed to reprimand or admonish Kidd after the accident.[2] As a result of Peregrine's failure to train and monitor/supervise its employees, Kidd was permitted to operate Peregrine's tractor trailer in an unsafe fashion, causing Schramm's

---

[2] While these facts are alleged as part of Plaintiffs' punitive damages claim in Count IV, Plaintiffs have incorporated Count II within Count IV.

injuries and damages. Assuming these facts are true and drawing all reasonable inferences in favor of Plaintiffs, the Court finds that Plaintiffs have sufficiently stated claims for negligent failure to properly train and negligent failure to properly monitor/supervise.

### C. Punitive Damages

Finally, Defendants assert Plaintiffs' punitive damages claim in Count IV consists of legal conclusions without any supporting facts, making the exact allegations difficult to decipher. They further assert that it is incorrect to plead punitive damages as a separate cause of action. Thus, Count IV should be dismissed or stricken.

The Court disagrees. Plaintiffs expressly incorporates Count II within Count IV. Thus, the punitive damages claim is based on Peregrine's alleged negligent failure to properly train and monitor/supervise its employees. Plaintiffs further allege specific facts—not legal conclusions—supporting their claim for punitive damages. They assert Peregrine permitted, approved, and allowed its drivers to maneuver multi-ton tractor trailers onto public highways and roadways directly into the path of oncoming traffic, with the expectation that the other drivers would yield to the trucks. Plaintiffs further allege Peregrine's desire to get its loads delivered, improve its on-time delivery ratings, secure additional loads, increase business and profits, reduce payroll by hiring incompetent and/or unsafe drivers, reduce payroll by hiring incompetent, unsafe and/or unqualified safety directors, and otherwise reduce costs and/or increase profits while increasing the risk of severe bodily injury and death to the motoring public is unconscionable. Finally, Plaintiffs claim Peregrine knew Kidd lied to police officers after the accident and that Schramm was cited with a crime, and yet, despite this knowledge and its possession of video footage, Peregrine did nothing. Plaintiffs claim Peregrine was willing to allow Schramm to be convicted rather than risk potential harm

to its business. Plaintiffs assert these actions and inactions were willful, wanton, and outrageous and, thus, warrant the imposition of punitive damages. The Court finds these allegations sufficient to state a claim for punitive damages based on Peregrine's negligent failure to properly train and monitor/supervise its employees.

## II.     Plaintiffs' Motion to Dismiss Counterclaims or, Alternatively, Strike Affirmative Defenses

On August 29, 2022, Defendants each filed a First Amended Answer, Affirmative Defenses, and Counterclaim. (Docs. 41, 42). Paragraph 4 of Defendants' affirmative defenses asserts comparative negligence by Maxwell Schramm, while the exact same allegation is set forth as a counterclaim. Plaintiffs argue the counterclaim should either be dismissed or stricken as redundant under Rule 12(f).

In response, Defendants acknowledge the allegations of negligence asserted against Schramm in their counterclaim and affirmative defenses are identical; however, the relief requested in those two pleadings are different.

In their affirmative defenses, Defendants claim Maxwell Schramm's comparative negligence was the proximate cause of Plaintiffs' claimed damages, and they seek a reduction in damages proportional his percentage of fault, or otherwise judgment in favor of Defendants if it is determined at trial that Maxwell Schramm was more than 50 percent at fault. In their counterclaim for contribution, Defendants assert a right of contribution against Maxwell Schramm, which would include any liability to Plaintiff Alexandria Schramm for her independent claim for loss of consortium. Defendants explain that while Illinois courts have concluded an injured spouse's negligence can be compared to the defendants' negligence for a loss of consortium award, that law does not apply where the case involves

allegations of willful and wanton misconduct, as is alleged here.

As noted above, a motion to strike is not a tool for deciding disputed issues of law or fact, especially where the legal basis for the motion to strike depends on facts yet to be uncovered. *Riemer*, 275 F.R.D. at 494. Given the stage of this case and the potential interplay between Plaintiffs' punitive damages claim, Alexandria Schram's loss of consortium claim, and Defendants' counterclaim for contributory negligence, the Court declines to dismiss or strike Defendants' counterclaim or affirmative defenses.

## Conclusion

For these reasons, the Motion to Dismiss or Alternative Motion to Strike filed by Defendants The Peregrine Transportation Company, LLC, and Pamela Kidd (Doc. 39) is **GRANTED in part and DENIED in part**. Plaintiffs' negligent hiring claim in Count II is **DISMISSED without prejudice**.

The Motion to Dismiss Counterclaims, or Alternatively, to Strike Affirmative Defenses filed by Plaintiffs Maxwell H. Schramm and Alexandria Zeigler Schramm (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   March 3, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**