IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAXWELL H. SCHRAMM and ALEXANDRIA ZIEGLER SCHRAMM,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE PEREGRINE TRANSPORTATION COMPANY, LLC, and PAMELA KIDD,<br><br>**Defendants.** | Case No. 3:22-CV-161-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are several issues raised by Plaintiffs, Maxwell Schramm and Alexandria Ziegler Schramm, and Defendants, The Peregrine Transportation Company, LLC ("Peregrine") and Pamela Kidd, in their Trial Briefs (Docs. 136, 137). The parties argued their positions at the Final Pretrial Conference held on June 11, 2024, and the Court now rules as follows.

**Law Applicable to Plaintiffs' Punitive Damages Claims**

In their Trial Brief, for the first time, Defendants raise the issue of which state's law should apply to Plaintiffs' punitive damages claim—Illinois or Kentucky.[1] In Illinois, the conduct supporting punitive damages must be proven by a preponderance of the evidence, *Kleronomos v. Aim Transfer & Storage Inc.*, No. 19-CV-01844, 2021 WL 1546428, at *2 (N.D. Ill. Apr. 20, 2021), while Kentucky law requires proof by "clear and convincing

---

[1] Notably, Defendants cited only to Illinois law when seeking summary judgment on the issue of punitive damages. (*See* Docs. 88-89).

evidence," *Louisville SW Hotel, LLC v. Lindsey*, 636 S.W.3d 508, 514 (Ky. 2021). Defendants argue that Kentucky law should apply in this case.

As a federal court sitting in Illinois, this Court applies Illinois's choice of law rules to determine which state's law governs Plaintiffs' request for punitive damages. *Mathis v. Metro. Life Ins. Co.*, 12 F.4th 658 (7th Cir. 2021), *reh'g denied* (Sept. 24, 2021). Illinois follows the Second Restatement of Conflict of Laws, which looks to the state with the most significant relationship to the parties and to the dispute. *Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 758 (7th Cir. 2020).

As the Court orally pronounced at the Final Pretrial Conference, Illinois has the most significant relationship to the parties and the dispute. Schramm is a resident of Illinois, and the accident occurred in Illinois. While Defendants are residents of Kentucky, Peregrine uses Illinois roadways to conduct its business. *See Curtis v. TransCor Am., LLC*, No. 10 C 4570, 2012 WL 1080116, at *9 (N.D. Ill. Mar. 29, 2012) ("Illinois has an interest in the application of its punitive damages law to a company that regularly does business within its borders."). The Court thus finds that Illinois law shall govern the burden of proof required for Plaintiffs' punitive damages claim.

**Witness Testimony at Trial**

Defendants object to Plaintiffs' intent to use the deposition testimony of Dr. Matthew F. Gornet, Dr. Latai E. Grant Brown, and Tammy Mattingly at trial in lieu of their live testimony.

Rule 32(a)(4) allows a party to use deposition testimony in lieu of live testimony at trial against another party when the court finds the proffered witness is unavailable.

*Hall v. Jaeho Jung*, 819 F.3d 378, 383 (7th Cir. 2016). A witness is unavailable under five circumstances: (A) the witness is dead; (B) the witness is more than 100 miles from the courthouse; (C) the witness is unable to testify due to age, illness, infirmity, or imprisonment; (D) the party moving for admission of the deposition testimony could not procure the witness's attendance by subpoena; or (E) on motion and notice, exceptional circumstances—in the interest of justice and with due regard to the importance of live testimony in open court—make it desirable to permit the deposition to be used. FED. R. CIV. P. 32(a)(4).

With regard to Dr. Brown, she is an employee of TBI Diagnostic Centers of Georgia and is located in Georgia. At the Final Pretrial Conference, Defendants noted that Dr. Brown is licensed to practice medicine in Illinois, but they have provided no evidence to demonstrate that she lives or works within the state of Illinois. In fact, Dr. Brown testified that she is licensed to practice medicine in 22 different states given the rise of telemedicine. The Court thus finds that Dr. Brown is more than 100 miles from the courthouse and is unavailable to provide live testimony at trial. Plaintiffs will be allowed to use her deposition testimony.

The Court further finds that Dr. Gornet's testimony may be presented though his deposition. Although Dr. Gornet is located within 100 miles of the courthouse, he testified that he has a busy practice involving numerous patients and clinical research. The Court also is aware of Dr. Gornet's demanding schedule. Thus, in the interest of justice, the Court finds that exceptional circumstances permit the use of Dr. Gornet's deposition testimony at trial. *See* FED. R. CIV. P. 32(a)(4)(E).

Finally, to the extent Plaintiffs still intend to call Tammy Mattingly as a witness, they have provided no exceptional circumstance or other factor under Rule 32(a)(4) that would permit the use of her deposition in lieu of live testimony. Thus, the Court finds that Plaintiffs must subpoena Mattingly for her appearance at trial.

**Prior Medical Conditions**

Plaintiffs next ask the Court to bar Defendants from cross-examining any treating physician about Schramm's prior injuries because Defendants do not have an expert to connect Schramm's prior injuries to the issues of causation, damages, or any other issue of consequence.

In support of their argument, Plaintiffs cite to *Voykin v. Estate of DeBoer*, where the Illinois Supreme Court overruled prior Illinois precedent holding that evidence of a prior injury to the same part of a plaintiff's body is *automatically* relevant to the plaintiff's present injury simply because it affected the same part of the body. 733 N.E.2d 1275, 1279 (2000). The Illinois Supreme Court explained that admissibility of such evidence comes down to relevance, and a prior injury *could* be relevant to the question of causation or damages if, for example, it establishes that the plaintiff had a preexisting condition and that the defendant is only liable for the portion of the damages that aggravated or increased the plaintiff's prior injury. *Id.* at 1280. It could also be relevant to impeachment if a plaintiff has failed to disclose to his physician that he previously suffered an injury to the same part of the body. *Id.* To that end, an expert can be questioned about whether his opinion would be different if he had known about the prior injury. *Id.*

The *Voykin* court further held that "if a defendant wishes to introduce evidence

that the plaintiff has suffered a prior injury, whether to the 'same part of the body' or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence" unless the injuries are such that a lay person could readily understand the relationship between those injuries. *Id.* The court also clarified that "requiring a defendant to demonstrate a causal relationship between a prior and present injury in no way shifts the ultimate burden of proof." *Id.* Instead, it just requires a defendant to demonstrate that the evidence is relevant to the question at issue: whether the defendant's negligence caused the plaintiff's injury. *Id.*

Plaintiffs also point to *Taylor v. National Railroad Passenger Corporation*, in which the Seventh Circuit reversed a defense verdict where the defendant interjected evidence of the plaintiff's prior back problems at trial. 920 F.2d 1372, 1375-76 (7th Cir. 1990). In that case, the plaintiff was asked on cross-examination whether he had any back problems prior to the accident at issue. *Id.* at 1374. The plaintiff stated that he did not. *Id.* The defendant then presented evidence of the plaintiff's military records from 14 years prior in which the plaintiff went to the Army clinic complaining of back pain. *Id.* The jury later returned a defense verdict. *Id.*

On appeal, the Seventh Circuit determined that evidence of the plaintiff's prior back pain was a collateral matter, *i.e.*, an "impeaching fact [that] could not have been introduced into evidence for any purpose other than contradiction." *Id.* at 1375. And "the collateral evidence rule limits the extent to which the witness' testimony about non-essential matters may be contradicted by extrinsic proof." *Id.* Because evidence of the

Page 5 of 8

plaintiff's prior injury would not be admissible for any purpose other than impeachment, the court found that the evidence was barred by the collateral evidence rule. *Id.* at 1376. In so holding, the court emphasized that the defendant could not introduce evidence of the prior injury unless it "had shown a causal connection to the present injury." *Id.*

Here, Plaintiffs argue, Defendants lack expert evidence demonstrating why Schramm's prior injuries are relevant to causation or damages. Thus, they should not be allowed to introduce evidence or cross-examine any treating physician about Schramm's prior injuries.

In response, Defendants argue that Schramm failed to disclose all of his prior accidents and injuries to Dr. Gornet. Therefore, the evidence is relevant for impeachment purposes. Furthermore, they argue, Schramm claims he cannot remember where he was treated for any of his prior injuries. As a result, Defendants were prevented from obtaining Schramm's prior medical records, and they had no opportunity to elicit expert testimony demonstrating a causal connection between Schramm's prior injuries and his present injuries.

The Court agrees that Schramm's inability to recall where he was treated for his prior injuries differentiates this case from *Voykin* and *Taylor*. Unlike *Voykin*, Defendants were prevented from demonstrating a causal relationship between Schramm's prior and present injuries by his inability to recall where he was treated. And unlike *Taylor*, Defendants are not attempting to contradict Schramm's testimony with extrinsic evidence, as Schramm admitted he suffered previous injuries. Defendants will therefore be allowed to cross-examine him about those injuries for impeachment purposes.

Defendants also will be allowed to present Dr. Gornet's deposition testimony regarding how information about a patient's prior concussions affects the care that he provides and that, in this case, Dr. Gornet was not provided with any medical records to evaluate Schramm's prior injuries. Dr. Gornet also testified that if he had been able to review Schramm's prior medical records, and they were inconsistent with the information he had, that could affect his opinions in this case. Defendants will be allowed to admit this testimony. *See Voykin*, 733 N.E.2d at 1280.

Finally, regarding Dr. Brown, she testified that it would be difficult to distinguish between damage done to Schramm's brain from prior concussions and damage from his July 2021 concussion *without reviewing Schramm's prior medical records*. Dr. Brown's testimony about the lack of those records and the effect that had on her opinions in this case will be admitted. *See id.*

**Accident Reconstruction Expert**

Finally, in Plaintiffs' Trial Brief, they argue that Kip Magruder, Defendants' accident reconstruction expert, should be barred from testifying because there were eyewitnesses to the accident who will testify. Thus, according to Plaintiffs, the expert's testimony would not be useful to the jury.

At the Final Pretrial Conference, Defendants argued that this is a *Daubert* issue that should have been raised months prior in a dispositive motion—thus, the argument is waived. Furthermore, under Federal Rule of Evidence 702, the question is whether Magruder's testimony will help the jury determine questions of fact. And here, Magruder will provide substantial evidence regarding how the accident happened, the position of

the vehicles on the roadway, and the timing of the accident.

The Court agrees with Defendants both that this issue should have been raised before the deadline for *Daubert* motions and that Magruder's testimony will assist the trier of fact—the jury—to understand the evidence and determine the facts in issue. The cases cited by Plaintiffs in their Trial Brief support this outcome. In *Zavala v. Powermatic, Inc.*, the Illinois Supreme Court explained that *Plank v. Holman* and *McGrath v. Rohde*—both of which are cited by Plaintiffs—stand for the principle that expert reconstruction testimony is proper, even where there is an eyewitness, if what the expert offers is "knowledge and application of principles of science beyond the ken of the average juror." 658 N.E.2d 371, 374 (Ill. 1995). From Magruder's accident reconstruction report (Doc. 90-2), the Court is satisfied that his testimony will provide scientific data and evidence that is well outside the knowledge of the average juror. Therefore, he will be permitted to testify at trial.

**IT IS SO ORDERED.**

**DATED:** June 13, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**