IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAXWELL H. SCHRAMM and ALEXANDRIA ZIEGLER SCHRAMM, <br><br> Plaintiffs, <br><br> v. <br><br> THE PEREGRINE TRANSPORTATION COMPANY, LLC, and PAMELA KIDD, <br><br> Defendants. | Case No. 3:22-CV-161-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case, a run-of-the-mill negligence action against a trucking company and its driver, settled in principle in early 2025 after three years of discovery, motion practice, and trial workup. Little did the Court know, preparing the case for trial would be the easy part.

As it turns out, since nearly the inception of the case, the Plaintiffs—unbeknownst to the Court—were going through a contentious divorce. Their attorney, Brian Wendler, knew about the divorce proceedings but continued to jointly represent them. This potential conflict of interest was not revealed until June 2024 when, on the eve of trial, the parties appeared before a magistrate judge for a settlement conference.[1] Shortly after the settlement conference, the Court received notice that Plaintiff Maxwell Schramm fired Attorney Wendler and hired new counsel. (*See* Doc. 156). Attorney Wendler continued his representation of Plaintiff Alexandria Ziegler Schramm.

---

[1] The Court provides an abbreviated factual background here, as the details of this case are well documented throughout the Parties' numerous filings and the Court's previous orders.

This arrangement continued for nearly eight months while Maxwell Schramm's new attorney, Ed Hershewe, prepared Maxwell's case for trial.[2] Then, on February 10, 2025, Maxwell Schramm filed a Motion to Disqualify Attorney Wendler from continuing his representation of Alexandria Ziegler Schramm. (Doc. 172). Attorney Wendler filed a Motion to Withdraw as Attorney for Alexandria Ziegler Schramm on February 21, 2025. (Doc. 175).

The Court held an evidentiary hearing on the Motion to Disqualify on May 5, 2025. Far from simply discussing the disqualification motion, the testimony at the hearing addressed attorney fee arrangements, the divorce matter, division of settlement proceeds, and various audio recordings by Maxwell Schramm, including one recording of the magistrate judge without the judge's knowledge. (Doc. 212). After allowing the parties to submit closing briefs (Docs. 206, 207), the Court entered its Order on the Motion to Disqualify on July 17, 2025. (Doc. 218). The Court determined that Attorney Wendler was disqualified from representing Plaintiffs Maxwell Schramm and Alexandria Ziegler Schramm as of July 18, 2024, the day of the settlement conference with the magistrate judge, due to his violation of Rule 1.7 of the Illinois Rules of Professional Conduct. The Court also denied several motions as moot and entered judgment, effectively closing the case. (Doc. 219).

Now pending before the Court are competing motions to alter or amend the judgment filed by Plaintiff Maxwell Schramm (Doc. 222) and Attorney Brian Wendler (Doc. 224). Maxwell Schramm has asked the Court to amend its Order to: (1) remove its finding on Attorney Hershewe's right to a fee; (2) remove its finding on Attorney Wendler's right to a fee; (3) no longer refer to Attorney Wendler as an Intervenor; (4) no longer dismiss this action

---

[2] Due to the change in counsel, trial was continued from June 24, 2024, to May 27, 2025. (Doc. 168).

with prejudice until the Court apportions the settlement funds between the co-Plaintiffs; (5) correct the date the conflict arose to June 17, 2024, rather than June 18, 2024; and (6) remove any discussion of Maxwell Schramm having committed a criminal offense by surreptitiously recording a federal magistrate judge during settlement proceedings.

Attorney Wendler has asked the Court to amend its Order to: (1) reflect that the underlying Motion to Disqualify was moot at the time of the evidentiary hearing, only requested prospective disqualification, and should not have been used to make retroactive declarations of ethical fault; (2) clarify that the Order is not a disciplinary finding and carries no collateral implications under the Illinois Rules of Professional Conduct; (3) correct the applicable legal standard to Rule 1.9, governing duties to former clients; and (4) either define the "first settlement offer" to state the amount was the last offer extended prior to Maxwell's current counsel's representation referenced or strike that limitation entirely in favor of governing Illinois law on *quantum meruit*, attorney lien enforcement, and/or contract law.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000).

Having considered the motions and the respective responses, as well as the hearing transcript, the Court agrees that certain manifest errors of law warrant relief. Thus, the Court **GRANTS in part** and **DENIES in part** both motions.

**Disqualification**

The Court **AMENDS** its Order to **GRANT** the Motion to Disqualify (Doc. 172), which requested disqualification of Attorney Wendler from "continued representation of Alexandria Ziegler Schramm" to "eliminate the ongoing conflicts of interest." The Court mistakenly went beyond the relief requested in the motion and found Attorney Wendler retroactively disqualified. Instead, Attorney Wendler should have been disqualified from representing either Plaintiff on the date of the Court's Order: July 17, 2025. *See Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982) ("Disqualification is commonly referred to in the Seventh Circuit as a 'prophylactic device for protecting the attorney-client relationship.'").

The Court further **CLARIFIES** that its Order was not a disciplinary finding, but rather a discussion of Rule 1.7[3] for the purposes of the disqualification motion. Additionally, contrary to Attorney Wendler's argument, the Motion to Disqualify was not moot at the time of the evidentiary hearing. Although Attorney Wendler had filed a Motion to Withdraw, the Court had not yet ruled on it with regard to Alexandria Ziegler Schramm.

**Attorney Fees**

The finding that Attorney Hershewe may petition the divorce court for an appropriate *quantum meruit* fee is **STRICKEN**. The finding that Attorney Wendler is entitled to his attorney's fee, which shall be his contractually agreed percentage of the first settlement offer

---

[3] Attorney Wendler asserts that the Court improperly applied Rule 1.7, which governs concurrent client conflicts, because Maxwell Schramm was no longer his client at that point. Rule 1.7, however, states: [A] concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; *or* (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, *a former client* or a third person or by a personal interest of the lawyer. ILL. SUP. CT. R. 1.7 (emphasis added).

made by Defendants, is also **STRICKEN**. Plaintiffs' current and former counsel shall submit their fee claims for adjudication in the divorce proceeding.

### Criminal Offense

The Court **AMENDS** its Order to state: "By recording Magistrate Judge Beatty without his consent, Maxwell Schramm *potentially* violated Illinois state law."

### Other Matters

The remainder of Maxwell Schramm's motion is **DENIED**.

Attorney Wendler entered his appearance on May 9, 2025, on behalf of his firm as an Intervenor. (Doc. 194). No objection was raised at that time; therefore, the Court finds the issue was forfeited.

The Court also declines to reopen this case in order to apportion the settlement funds between the co-Plaintiffs. Maxwell Schramm argues that the Court must "resolve the claims before it," but there are no longer any pending claims before the Court. The settlement funds have been transferred by Defendants to Plaintiffs, and the funds are currently in the Trust Account of Paul J. Schafer, Schafer Law LLC. (Doc. 227). Thus, as far as this federal district court is concerned, there is no need to retain jurisdiction to enforce the settlement agreement.

With regard to the funds in the Trust Account of Paul J. Schafer, Schafer Law LLC, the funds shall be distributed as determined by the Circuit Court of Williamson County.

**IT IS SO ORDERED.**

DATED:   February 3, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**